UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00188-LLK

PAULA J. MARTIN                                                                                                  PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at DN 12 and 17. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 8].

In his October 2018 decision, the Administrative Law Judge ("ALJ") found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 20, 2015, through the date of this decision." [DN 7-2 at 32]. Plaintiff argues that the ALJ erred in not finding that she was disabled during the closed period between August 20, 2015, and December 26, 2016. [DN 12]. Because the argument is unpersuasive and the ALJ's decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Background facts and procedural history**

In 1998, Plaintiff had a liver transplant and thereafter took the immunosuppressant Prograf to prevent organ rejection. By April 2015, she was experiencing serious side-effects from Prograf, including decreased renal functioning, which required her to switch to Zortress. It is undisputed that, as of August 20, 2015, Plaintiff's symptoms had worsened to the point she was no longer able to hold a job or engage in any type of substantial gainful activity (SGA). In September 2015, she switched from Zortress to

CellCept. In April 2016, she switched from CellCept back to Prograf, and this resulted in a gradual improvement of her symptoms.

On December 26, 2016, Plaintiff began a new part-time (30 hours per week) job at Jobe Publishing company, and Plaintiff's earnings rose to the level of SGA. Plaintiff claimed entitlement to a closed period of disability from August 20, 2015, through December 26, 2016.

The Social Security Act defines disability as "inability to engage in any [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ found that Plaintiff was not disabled during any closed period because she regained the ability to engage in SGA in June 2016 (within 12 months of August 20, 2015). [DN 7-2 at 26-27]. The ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 20, 2015, through the [October 31, 2018] date of this decision." *Id.* at 32.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and that she is entitled to a closed period of disability from August 20, 2015, through December 26, 2016.

**Discussion**

Plaintiff's argument is unpersuasive because the ALJ was not required to accepted December 26, 2016, the date Plaintiff actually resumed SGA as the earliest date she was medically **capable** of engaging in SGA. On the contrary, Plaintiff's own testimony indicates that her resumption of SGA on December 26, 2016, was more circumstantial than medical. Specifically, she testified that her prior job working in customer service for the Geek Squad was stressful because "people were very angry all the time." [DN 7-2 at 45-46]. On December 26, 2016, after having the good fortune of locating a new, less stressful job, she began working at Jobe Publishing. *Id.*

In support of his finding that, as of June 2016, Plaintiff was able to return to SGA, the ALJ relied, among other things, on a June 2016 note by Plaintiff's treating transplant specialist, which indicated that

2

she was doing "very well" approximately two months after resuming Prograf. [DN 7-2 at 26-27 referencing DN 7-7 at 589]. While admittedly the ALJ's selection of June 2016 as the month of her resumed ability to engage in SGA lacked exhaustive support and substantial evidence would have supported a finding that Plaintiff's inability to engage in SGA lasted longer than 12 months (entitling her to a closed period of disability), substantial evidence also supported the ALJ's finding. In that circumstance, the Court must affirm the ALJ's decision because "[t]he substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405-06 (6th Cir. 2009). In other words, the ALJ did not abuse his discretion when he found that Plaintiff failed to prove that she suffered from an inability to engage in SGA that lasted "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues that the ALJ's finding that she could engage in SGA as of June 2016 is contradicted by two findings by her treating physician, Jason Campbell. First, in October 2015, Dr. Campbell gave a statement, for Family Medical Leave Act purposes, to the effect that Plaintiff was "unable to do any work" as of August 20, 2015, and that her medical condition required and would likely continue to require continuous and regular leave through November 15, 2015; and that, thereafter (beginning on or about November 15, 2015), her condition would likely require reduced-schedule leave such that she would be able to work only 20 hours per week (and might "never" return to full-time work). [DN 7-7 at 962]. Plaintiff's reliance on Dr. Campbell's October 2015 statement is unpersuasive because it cannot fairly be interpreted to mean that, beginning on November 15, 2015, Plaintiff would forever after be restricted to working no more than 20 hours per week. In any event, such an interpretation is belied by the fact that Plaintiff, in fact, began working 30 hours per week in December 2016.[1]

---

[1] The ALJ indicated that such an interpretation is belied by Plaintiff's "actual return to **full-time** *(emphasis added)* work beginning in December 2016." [DN 7-2 at 29]. While Plaintiff takes exception to the fact that the ALJ erred in stating that she returned to full-time work in December 2016, [DN 12 at 4-5], the error was harmless and the ALJ's overall point remained valid because Plaintiff did, in fact, return to working more than the 20 hours per week indicated by Dr. Campbell.

Finally, Plaintiff relies on a July 2016 treatment note to the effect that she was still complaining about "fatigue." [DN 7-7 at 748]. Plaintiff's reliance on this note is unpersuasive because it is not necessarily inconsistent with Plaintiff's ability to engage in SGA in June 2016 and, in any event, it is consistent with an ability to engage in SGA as of August 20, 2016.

**ORDER**

Because Plaintiff's arguments are unpersuasive and the ALJ's decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

September 9, 2020

Lanny King, Magistrate Judge
United States District Court